(71 Hun, 221.)

### McCAHILL v. McCAHILL.

(Supreme Court, General Term, Second Department. September 11, 1893.)

TRUSTS—DECLARATION OF TRUST—SUFFICIENCY OF EVIDENCE.

In an action by a husband against a wife to establish a trust in favor of the husband and his two children in certain realty vested in the wife, it appeared that the premises were paid for by plaintiff, who was a

lawyer, and who directed that the deed be made to his wife. Plaintiff testified that his wife said to him (he being in poor health at the time) that it would be a good thing, if anything happened to him, for her and the children to have a home, and that the title had better be taken in her name. He assented. Without her knowledge he obtained the deed, and recorded it. Afterwards he gave the deed to his wife, saying: "You keep that. If anything happens to me, you are to take care of it for yourself and the children; and as long as I live I will pay the taxes and insurance, so there will be no expenses." *Held*, that the evidence was not sufficient to establish a trust in favor of the husband; and that, as the children were not parties, their right, if any, could not be determined in the action.

Appeal from special term, Westchester county.

Action by Thomas J. McCahill against Annie L. McCahill, his wife, to establish a trust in certain real estate in favor of the plaintiff and his two children. The special term held that the title of the defendant to the property in question was held in trust for the purpose of providing her husband, the plaintiff, and the two children, with a home, and enjoined the defendant from interfering with the possession of the premises by the plaintiff and the children. Defendant appeals. Reversed.

Argued before CULLEN and PRATT, JJ.

Martin J. Keogh, for appellant.
H. T. Dykman, for respondent.

CULLEN, J. Though it may seem inequitable that the defendant, having now separated from her husband and children, should retain the fruits of his generosity, we do not see how this judgment can be sustained either on the facts or the law. The premises, the subject of this action, were paid for by the plaintiff, who took the deed therefor in the name of his wife, the defendant. The deed is absolute in terms. The plaintiff is a lawyer. It was he who negotiated the purchase, and by his direction the deed was drawn. He testifies that the wife said to him (he being in poor health at the time) that it would be a good thing, if anything happened to him, for her and the children to have a home, and that the title should better be taken in her name. He assented. Without her knowledge he obtained the deed, and recorded it. Afterwards he gave the deed to the wife, saying:

"You keep that. If anything happens to me you are to take care of it for yourself and the children; and as long as I live I will pay the taxes and insurance, so there will be no expenses."

The parties continued to occupy the premises as their residence for years, until, differences arising between them, the defendant left the home, and resided apart from her husband. The wife then offered the property for sale, and the husband brought this action. We are inclined to the belief that this conversation did not amount to a declaration of trust in favor of any person, but that the transaction was the ordinary one of a gift by the husband to the wife, and that the reference to the home for the defendant and the children was only a statement of the motives dictating the gift. Certainly, as far as the husband is concerned,

there was no agreement to hold it in any trust for his benefit. The children are not parties to this action, and their right cannot be adjudicated here. This action must therefore fail.

As a matter of law, we think the suit cannot succeed. The provision of the Revised Statutes as to trusts (1 Rev. St. p. 728, § 51) prevents any trust being raised in the plaintiff's favor from the fact that he paid the consideration for the conveyance. The statute of frauds (2 Rev. St. p. 134, § 6) requires the declaration of any trust to be in writing. The transaction seems barren of any of those collateral circumstances by which courts of equity are enabled to take cases out of the statute. This case is clearly to be distinguished from those cited by the respondent's counsel, in that here the deed was taken in the name of the defendant by the plaintiff's consent, and equally by such consent the deed was made absolute in form. The judgment appealed from should be reversed, and a new trial ordered; costs to abide events.