(71 Hun, 224.)

## McCAHILL v. McCAHILL.

(Supreme Court, General Term, Second Department. September 11, 1893.)

DIVORCE—PROOF OF CRUELTY.

In an action by a wife for separation and alimony, on the ground of cruel and inhuman treatment, the cruelty relied on was an alleged assault by the son of the parties on plaintiff by defendant's direction. Defendant and his son both denied the assault, but it was conceded that there was an altercation at the time. Defendant and his son said that plaintiff threw a basin of water on defendant, and that, while the son was trying to take the basin from plaintiff, she fell. Plaintiff, while she said that the son struck her, admitted that she might have thrown the water. Defendant had for many years been crippled by locomotor ataxia, and was physically incapable of much violence. *Held*, that the evidence was not sufficient to sustain the judgment.

Appeal from special term, Westchester county.

Action by Annie L. McCahill against Thomas J. McCahill for separation and alimony. The special term gave judgment for the plaintiff. Defendant appeals. Reversed.

Argued before CULLEN and PRATT, JJ.

H. T. Dykman, for appellant.

Martin J. Keogh, for respondent.

CULLEN, J. This is an appeal from a judgment of the special term granting the plaintiff a separation and alimony. The appeal involves only questions of fact. We are conscious that we should reverse the determination of such questions by the trial court with much hesitation, and only where it seems to us that the clear weight of testimony is against the findings made. The parties were married in 1876 and lived together for over 15 years. The complaint alleged various specific occasions on which the defendant assaulted her, and also periods during which his violence was

habitual. It further alleged that the defendant failed to properly provide for his family, and that at times he called the plaintiff names. The learned trial judge found that the defendant properly supported his family, and found but one occurrence of violence on the part of the defendant, upon which occurrence the decree was granted. The case depends principally on the testimony of the parties. The occurrence upon which the decision below is based is an alleged assault by the son of the parties on the plaintiff, his mother, by direction of the defendant. The defendant and his son both deny the assault. The learned trial judge found corroboration of the plaintiff's story in the fact that the servants saw some blood upon the plaintiff's face. That there was an altercation at this time is conceded. The defendant and his son say that the plaintiff threw a basin of water on the defendant, and that while the son was trying to take the basin from the mother she fell. The plaintiff, while she says that the son struck her, admits that she may have thrown the basin of water. We think this transaction is by no means sufficiently clear to justify a separation. The defendant has been for years a cripple, suffering from locomotor ataxia, and physically incapable of much violence. The court found against the plaintiff on all the other allegations of maltreatment. She could not, therefore, have impressed the trial judge very strongly as to her accuracy of statement. At the most, this affair seems to have been a quarrel in which the wife was fairly a party combatant. The defendant himself certainly used no violence, and both he and his son deny that he directed the son to do so. It seems to us unfair on this occurrence to stamp the defendant guilty of cruel or inhuman conduct. Though the parties may not live together hereafter, we do not think this a proper case to compel the defendant to make provision for the separate support of the plaintiff. She has received from her husband as a gift the home in which they have heretofore lived. The decree made in another action declaring such gift a trust for the husband and children we have reversed. 25 N. Y. Supp. 219. If the plaintiff will continue to live apart from her husband and children voluntarily and without sufficient cause, we think this gift is sufficient provision for her. Judgment appealed from should be reversed, and new trial ordered; costs to abide events.